2005 ND 99

**OLIVER–MERCER ELECTRIC COOPERATIVE, INC., Plaintiff and Appellee**

v.

**Richard D. DAVIS, III, Michael P. Ossanna, Joseph Hauer and Berkley Strothman, Defendants,**

**Richard D. Davis, III, Joseph Hauer and Berkley Strothman, Defendants and Appellants.**

**Oliver–Mercer Electric Cooperative, Inc., Plaintiff and Appellee**

v.

**AquaConcept Technologies, Inc., Defendant and Appellant.**

Nos. 20040307, 20040308.

Supreme Court of North Dakota.

May 25, 2005.

Michael L. Wagner, Wagner Law Firm, Bismarck, ND, for defendants and appellants.

Gregory L. Lange, Lange & Donovan, P.L.L.P., Hazen, ND, for plaintiff and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] AquaConcept Technologies, Inc., Richard D. Davis, III, Joseph Hauer, and Berkley Strothman ("AquaConcept") appealed from a final judgment granting a deficiency judgment to Oliver–Mercer Electric Cooperative ("the Cooperative"). We reverse and remand with directions to enter an order denying a deficiency judgment.

I

[¶ 2] The underlying facts of the case are undisputed:

AquaConcept borrowed 1.8 million dollars from the Cooperative to purchase Fish N' Dakota, a fish farm. The loan was documented by a promissory note and was secured by a mortgage and security agreement. The loan was also secured by the personal guarantees of each of the four AquaConcept stockholders. AquaConcept became delinquent on the loan, and on January 20, 2000, the Cooperative took possession of the business. The Cooperative ran the business and sold AquaConcept's assets. After a period of time, it brought a deficiency and foreclosure action against AquaConcept and its personal guarantors for the unpaid portion of the debt.

*Oliver–Mercer Electric Coop. v. Davis*, 2004 ND 86, ¶ 3, 678 N.W.2d 757. In *Oliver I*, we reversed the trial court's grant of a deficiency judgment and remanded the case for a finding of fair market value of the collateral at the time of sale, whether the sale was commercially reasonable, and whether the Cooperative was entitled to a deficiency judgment, and if so, in what amount. *Id.* at ¶ 1. On remand, the trial court determined the fair market value of the collateral was less than the debt owed and granted the Cooperative a deficiency judgment. AquaConcept appealed.

II

[¶ 3] On appeal, AquaConcept argues the trial court erred in granting a deficiency judgment because adequate evidence did not exist to determine the fair market value of the collateral at the time of sale. The Cooperative argues that they are entitled to a deficiency judgment because the trial court had ample evidence to determine the fair market value of the collateral

and because the sale was commercially reasonable.

[¶ 4] A deficiency judgment is "an imposition of personal liability against the debtor for payment of the unpaid balance of a debt and is separate and distinct from enforcement of the debt against collateral given to secure the debt." *United Bank of Bismarck v. Glatt*, 420 N.W.2d 743, 745 (N.D.1988). A lender may seek "recovery on a debt against personal property collateral after foreclosing a mortgage securing the same debt." *Id.*; *see also Black's Law Dictionary* 846 (7th ed. 1999) (defining a deficiency judgment as "[a] judgment against a debtor for the unpaid balance of the debt if a foreclosure sale or a sale of repossessed personal property fails to yield the full amount of the debt due"). A secured creditor must satisfy two obligations in order to recover a deficiency judgment. N.D.C.C. § 41–09–50(3).[1] Under section 41–09–50(3), N.D.C.C., the creditor must give reasonable notification of the time and place of a sale of collateral and conduct the sale in a commercially reasonable manner. In *Oliver I*, we noted that all parties agreed the Cooperative failed to comply with the notice requirement. *Oliver–Mercer Electric Coop.*, 2004 ND 86, ¶ 16, 678 N.W.2d 757. When a secured creditor fails to give proper notice and seeks a deficiency judgment, it is presumed the fair market value of the collateral is equal to the debt. *State Bank of Burleigh County Trust Co. v. All–American Sub, Inc.*, 289 N.W.2d 772, 779–80 (N.D.1980). This presumption shifts the burden of proof to the Cooperative, which must "prove by a preponderance of the evidence that the fair market value of the

collateral is less than the debt in order to be entitled to a deficiency judgment." *Oliver–Mercer Electric Coop.*, at ¶ 15.

[¶ 5] In *Oliver I*, we stated, "A secured creditor may prove the fair market value of collateral in a number of ways. For example, appraisals, stipulations, market conditions, subsequent sales, and testimony of the purchaser." *Oliver–Mercer Electric Coop.*, 2004 ND 86, ¶ 24, 678 N.W.2d 757. We further noted, "If the record does not contain credible evidence allowing the trial court to make a finding as to the fair market value at the time of the sale, the Cooperative is not entitled to a deficiency judgment." *Id.* at ¶ 25. Because the Cooperative failed to meet the notice requirement, "the amount received at the sales of AquaConcept's collateral is not evidence of the fair market value." *Id.* at ¶ 23.

[¶ 6] Determining the fair market value of collateral is a question of fact. *See Stewart v. Henning*, 481 N.W.2d 230, 233 (N.D.1992) (determining fair value is a question of fact). A finding of fact will not be set aside unless it is clearly erroneous. N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support the finding, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made. *Brandt v. Somerville*, 2005 ND 35, ¶ 12, 692 N.W.2d 144.

[¶ 7] To support its finding of fair market value, the district court relied on the original purchase price, the property's valuation from a 1999 tax abatement

---

1. The 2001 legislature repealed N.D.C.C. ch. 41–09, entitled "Secured Transactions–Sales of Accounts, Contract Rights and Chattle Paper," and created and enacted a new ch. 41–09, entitled "Secured Transactions," with an effective date of July 1, 2001. Under N.D.C.C. § 41–09–124(3), the revisions do not affect any case commenced before July 1, 2001. This case commenced before July 1, 2001, therefore, the pre–2001 provisions govern.

application, AquaConcept's internal equipment assessment in 1999, the insurance proceeds from a fish loss, poor market conditions, and submitted bid prices. Unaccepted offers to purchase are not proper evidence to prove fair market value. *See Sharp v. United States*, 191 U.S. 341, 348–49, 24 S.Ct. 114, 48 L.Ed. 211 (1903) (noting unaccepted offers from third parties are speculative and may not be supported by actual knowledge of the proper value); 31A C.J.S. *Evidence* § 227 (1996). The original purchase price and the 1999 valuations are not credible evidence of the fair·market value at the time of the 2001 sale. Although the insurance proceeds represent the value of the fish at the time of the loss, there is little other credible evidence in the record of the fair market value of the remaining equipment, buildings, or inventory. The Cooperative failed to provide credible evidence of the collateral's fair market value at the time of the sale. *See Oliver–Mercer Electric Coop.*, 2004 ND 86, ¶ 24, 678 N.W.2d 757 (defining credible evidence).

[¶ 8] The record does not contain credible evidence to prove the fair market value of the collateral on the day of the sale; therefore, the district court's finding of fair market value is clearly erroneous. Because the Cooperative did not carry its burden to overcome the presumption that the fair market value of the collateral was equal to the debt, the Cooperative is not entitled to a deficiency judgment. In view of our conclusion, we do not reach the issue of whether the sale was commercially reasonable.

### III

[¶ 9] We reverse and remand with directions to enter an order denying a deficiency judgment.

[¶ 10] MARY MUEHLEN MARING, J., EVERETT NELS OLSON, Surrogate Judge and WILLIAM F. HODNY, Surrogate Judge, concur.

[¶ 11] The Honorable EVERETT NELS OLSON, Surrogate Judge, and the Honorable WILLIAM F. HODNY, Surrogate Judge, sitting in place of SANDSTROM, J., and KAPSNER, J., disqualified.